GEORGE H. VARNELL

*v.*

THOMAS D. McGINNIS.

DEBTOR AND CREDITOR—*whether the relation exists.* A brother of the owner of property sold it to a third party without authority so to do, and the owner reclaimed the property and then sold it to the same purchaser, treating the amount paid to his brother on the first purchase as so much paid to himself on the sale made by him. On a suit brought by the purchaser against the first seller, to recover the purchase money paid to him, it was *held*, that the defendant was not debtor to the plaintiff in that amount, nor did he hold money belonging to the plaintiff.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. STOKER, POLLOCK & KELLER, for the plaintiff in error.

Messrs. CREWS & HAYNES, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Jefferson circuit court, brought by Thomas D. McGinnis against George H. Varnell, to recover the sum of six hundred and fifty dollars, alleged to have been paid by the plaintiff to the defendant for an interest in a certain saloon, and which, it was further alleged, the defendant had no authority to sell.

There was a verdict and judgment for the plaintiff for eight hundred and fourteen dollars, to reverse which, the defendant brings the record here by writ of error.

The sale of the property by the defendant to the plaintiff is sufficiently established by the testimony; but it is contended by the defendant, that although the property belonged to his brother, Rozier Varnell, and who, after the sale, reclaimed it, on an adjustment of the matter with plaintiff, he, on paying Rozier Varnell for his interest in the property, appropriated this six hundred and fifty dollars paid to the defendant as a payment to Rozier Varnell, and which was recognized by him as a payment to that extent.

Rozier Varnell testifies, and his testimony is not contradicted, the plaintiff being present at the trial, that for his interest in the saloon which he sold to plaintiff, it being the same interest defendant had previously sold, he received the sum of two hundred and seven dollars from plaintiff, which was in addition to the six hundred and fifty dollars paid his brother, and which was the foundation of this action.

Whatever conflict or contradiction there may be on other points in the case, the important fact stands uncontradicted and unchallenged, and we can not understand under what influences the jury could have acted, this fact being so prominent in the case and so decisive of it. It must have been under the influence of the second instruction given for the plaintiff, which, under the facts proved, was too broad, and shut out the consideration of the subsequent arrangement made with Rozier Varnell, the owner of the property. As worded, the instruc-

tion could not have failed to mislead the jury, and should not have been given.

In the view we have taken of the case, we are of opinion the defendant's twelfth instruction should have been given. It was as follows:

"The court instructs the jury for the defendant, that if you believe, from the evidence, that the defendant had a right to do what he did do with the saloon interest, or that the matter was settled between the plaintiff and Rozier I. Varnell, or if you believe, from the evidence, that the defendant has not money which justly belongs to the plaintiff, your verdict should be for the defendant."

If Rozier Varnell, the owner of the property, settled for it with the plaintiff, taking the amount now claimed of the defendant as payment, so far as it would go, then certainly the defendant could not be debtor to this amount to the plaintiff, nor could he be said to hold money belonging to the plaintiff.

We express no opinion on the refusal of the court to give defendant's eleventh instruction, as it is not sufficiently clear in its terms.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*